IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-02874-PAB

ROBERT DEQUINZE,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,

    Defendant.

---

**ORDER**

---

This matter comes before the Court on plaintiff Robert DeQuinze's motion for attorney's fees [Docket No. 24] brought pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), which defendant Michael J. Astrue (the "Commissioner") opposes [Docket No. 27]. The Commissioner believes he was "substantially justified" in litigating this appeal. *Cf. Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 934 (10th Cir. 2008) ("EAJA fees are assessed against the United States when its actions were not 'substantially justified.'" (citing 28 U.S.C. § 2412(d)(1)(A) (2006))). He further argues that, in the event fees are awarded, the amount should be reduced.

"[A] claimant may seek to defray the cost of appealing from an agency decision to a court under the . . . [EAJA] fee shifting statute." *Wrenn*, 525 F.3d at 934 (citing 28 U.S.C. § 2412 (2006)). "The EAJA statute provides that 'a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . , including proceedings for judicial review of agency

action, brought by or against the United States . . . , unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *Manning v. Astrue*, 510 F.3d 1246, 1249 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A) (2006) (omissions in original) (emphasis omitted)). "Substantially justified" means "justified to a degree that could satisfy a reasonable person" or, stated otherwise, that the government had a "reasonable basis both in law and fact" for its position. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "Under the EAJA, the government bears the burden of showing that its position was substantially justified." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988).[1]

Here, the Court reversed and remanded the Commissioner's decision that plaintiff was not disabled because the ALJ concluded that plaintiff could engage in positions having a General Educational Development reasoning level of three in the Dictionary of Occupational Titles despite having found that plaintiff's residual functional capacity ("RFC") limited him to "simple, unskilled" work. *See* Docket No. 21 (citing *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005)); *see also Scheibeler v. Astrue*, No. 08-cv-01643-WYD, 2009 WL 3077310, at *3 (D. Colo. Sep. 21, 2009) ("A person such as Plaintiff whose mental RFC is limited to 'simple' work and work that is not 'detailed' would thus arguably lack the mental RFC for jobs at or above [reasoning level two].") (citing *Hackett*, 395 F.3d at 1176). The Court was unpersuaded by the

---

[1] The Court is to consider both the government's position in the underlying agency action and its position during any subsequent litigation. *Hadden*, 851 F.2d at 1267; *see* 28 U.S.C. § 2412(d)(2)(D) (stating that "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based").

Commissioner's attempt to distinguish *Hackett* by focusing on the inclusion of the word "routine" in the RFC in that case. That the Court did not conclude the Commissioner was correct does not inevitably lead to an award of fees. *See Underwood*, 487 U.S. at 566 n.2 ("[A] position can be justified even though it is not correct."). The Court concluded that the difference between this case and *Hackett*, though existent, was immaterial. The Court finds, however, that the Commissioner's argument based upon that distinction, though unpersuasive, was "justified to a degree that could satisfy a reasonable person." *Underwood*, 487 U.S. at 565.

In reversing the ALJ's decision, the Court also concluded that the ALJ failed to adequately assess a certain medical opinion regarding plaintiff's depression pursuant to 20 C.F.R. § 416.927. The Commissioner took the position that the opinion did not constitute a "medical opinion" for purposes of 20 C.F.R. § 416.927. *See* Docket No. 18 at 17-19. The Commissioner also argued that the ALJ referenced the opinion as part of an overall discussion of plaintiff's depression. Even though remand was necessary in order for the ALJ to specifically address the opinion pursuant to § 416.927, the Court concludes that the Commissioner's positions relating to the ALJ's treatment of the evidence were, even though ultimately unpersuasive, substantially justified. *See McLeran v. Astrue*, 09-cv-02924-LTB, 2011 WL 1666831, at *4 (D. Colo. May 3, 2011) (stating, when concluding that the Commissioner's position was substantially justified, that "[t]his is not a case in which the ALJ applied the wrong standard or where the record lacked any evidence in support of the ALJ's findings; rather, the error I found was that the order did not demonstrate that the ALJ considered all the evidence related

to Plaintiff's mental RFC").

For the foregoing reasons, it is

**ORDERED** that plaintiff Robert DeQuinze's motion for attorney's fees [Docket No. 24] is DENIED.

DATED October 18, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge