IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-02874-PAB

ROBERT DEQUINZE,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,

    Defendant.

---

# ORDER

---

This matter is before the Court on plaintiff's unopposed motion for attorney's fees pursuant to 42 U.S.C. § 406(b) [Docket No. 32].[1]

Plaintiff filed the complaint in this action on December 9, 2009 [Docket No. 3] seeking review of the final decision of defendant Michael J. Astrue (the "Commissioner") denying plaintiff's claim for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-33 and 1381-83c.  On January 10, 2011, the Court reversed and remanded the Commissioner's denial of benefits for additional proceedings. *See* Docket No. 21.  Plaintiff informs the Court that he has received notice from the

---

[1] The "best option" for seeking fees pursuant to 42 U.S.C. § 406(b) is to file a motion pursuant to Fed. R. Civ. P. 60(b)(6). *McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006).  "A motion for an award of fees under § 406(b)(1) should be filed within a reasonable time of the Commissioner's decision awarding benefits." *Id.*  Despite plaintiff's failure to expressly invoke Rule 60(b)(6), plaintiff's request has been "filed withing a reasonable time of the Commissioner's decision awarding benefits." *Id.*

Social Security Administration that he has been awarded past-due benefits in the amount of $109,788.40.[2]

Section 406(b) of Title 42 of the United States Code provides in pertinent part that, "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." The Tenth Circuit has "conclude[d] that § 406(b)(1) allows a district court to award attorneys' fees in conjunction with a remand for further proceedings; it is not required, as a predicate to a § 406(b)(1) fee award, that the district court remand for an award of benefits." *McGraw v. Barnhart*, 450 F.3d 493, 503 (10th Cir. 2006). "The statute deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). Pursuant to this statutory provision, "each authority sets fees for the work done before it; thus, the court does not make fee awards for work at the agency level, and the Commissioner does not make fee awards for work done before the court." *McGraw*, 450 F.3d at 498.

In light of section 406(b) and the fee agreement between plaintiff and his counsel whereby plaintiff agreed to pay twenty-five percent of past due benefits to his counsel, the Commissioner has withheld twenty-five percent of plaintiff's past due award or, by

---

[2] Plaintiff will also receive future payments of $1,179.00 per month.

the Commissioner's and plaintiff's calculation, $27,123.50.[3]  *Cf. Gisbrecht*, 535 U.S. at 807 ("[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.  Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.").  Of that amount, plaintiff's counsel seeks $21,123.50 because she has already been awarded $6,000.00.  Plaintiff's counsel further represents that she would also be entitled to seek an additional $13,750.00 in fees, which constitutes twenty-five percent of the past due benefits awarded to plaintiff's daughter, but declines to claim such fees. *See McGraw v. Barnhart*, 450 F.3d 493, 499 (10th Cir. 2006) (noting that the Supreme Court has "held that attorney fees were properly calculated based on past-due benefits received by the claimant's entire family, rather than claimant alone").

      The Court, having reviewed plaintiff's motion and supporting documents, finds that the fee request is unreasonably high.  Plaintiff's billing records reveal that his counsel and paralegal spent 24.5 hours "for work done before the court." *McGraw*, 450 F.3d at 498.  While the Court has considered that plaintiff's counsel requests significantly less than twenty-five percent of the agreed upon fee and that the motion is unopposed,[4] and while the Court recognizes that plaintiff's counsel took on a risk of

---

[3]The Court notes that $27,123.50 is not precisely twenty-five percent of $109,788.40.

[4]*See Zapien v. Astrue*, No. 09-cv-00951-WYD, 2011 WL 4808175, at *1 (D. Colo. Oct. 11, 2011).

loss,[5] plaintiff's request results in a combined attorney and paralegal hourly rate of approximately $862 per hour.

The benefit award to plaintiff, much of which results from the time between the filing of his application for benefits in October of 2003 until plaintiff's counsel began representing him in August 2009,[6] is quite "large in comparison to the amount of time counsel spent on the case," and, therefore, "a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808.  The hourly rates reflected in plaintiff's billing records for plaintiff's counsel and a paralegal for the work before this Court ($175.58 per hour for attorney work and $50 per hour for paralegal work) are reasonable.  Accounting for the risk involved in plaintiff's representation, as well as the success achieved in this case for both plaintiff and his daughter, the Court believes that tripling each hourly fee is appropriate in this case.  *Cf. Vaughn v. Astrue*, 2008 WL 4307870, at *2 (D. Kan. Sep. 19, 2008) (applying a factor of 2.8 drawn from *Whitehead v. Barnhart*, 2006 WL 910004 (W.D. Mo. Apr. 7, 2006) to account for contingent nature of fee); *Burton v. Astrue*, 2011 WL 5117655, at *2 n.1 (W.D. Mo. Oct. 26, 2011) ("In [*Whitehead*], Plaintiff's counsel

---

[5]*See Gisbrecht*, 535 U.S. at 808; *Mentzell v. Astrue*, 623 F. Supp. 2d 1337, 1340-41 (M.D. Fla. 2008) ("Counsel always are accepting some risk in taking social security cases under contingency fee contracts because, statistically, roughly fifty percent will lose at the district court level."); *see also Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009) ("The attorneys assumed significant risk in accepting these cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases.").

[6]*Cf. Gordon v. Astrue*, 361 F. App'x 933, 936 (10th Cir. 2010) (upholding the district court's exercise of discretion in reducing a requested fee amount and noting the district court's consideration that the "case . . . 'languished at the administrative level' for years and that this delay, not just the firm's contributions, contributed significantly to 'the unusually large award of back benefits'") (citation omitted).

argued that based on statistics used in *Gisbrecht* a plaintiff has about a 36% chance of establishing entitlement to benefits after filing suit, thus an attorney should charge a winning client a contingent fee that is 2.8 times larger than the fee he charges a client paying on a noncontingent basis to offset for the lack of compensation in cases he loses."). The result of such a calculation is $7,374.36 for attorney time and $1,575.00 for paralegal time, for a total award of $8,949.36.

For the foregoing reasons, it is

**ORDERED** that plaintiff's unopposed motion for attorney's fees pursuant to 42 U.S.C. § 406(b) [Docket No. 32] is GRANTED in part and DENIED in part. Plaintiff's counsel is awarded attorney's fees in the amount of $8,949.36.

DATED November 29, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge