IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-02874-PAB

ROBERT DEQUINZE,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,

    Defendant.

## ORDER

This matter is before the Court on plaintiff's motion for reconsideration [Docket No. 35] of the Court's November 29, 2011 order [Docket No. 34] granting in part and denying in part plaintiff's unopposed motion for attorney's fees pursuant to 42 U.S.C. § 406(b) [Docket No. 32].

In his motion for attorney's fees, plaintiff informed the Court that he has received notice from the Social Security Administration that he has been awarded past-due benefits in the amount of $109,788.40.[1]  Section 406(b) of Title 42 of the United States Code provides in pertinent part that, "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."  The Tenth Circuit has

---

[1]Plaintiff will also receive future payments of $1,179.00 per month.

"conclude[d] that § 406(b)(1) allows a district court to award attorneys' fees in conjunction with a remand for further proceedings; it is not required, as a predicate to a § 406(b)(1) fee award, that the district court remand for an award of benefits." *McGraw v. Barnhart*, 450 F.3d 493, 503 (10th Cir. 2006).

Pursuant to section 406(b) and the fee agreement between plaintiff and his counsel, the Commissioner has withheld twenty-five percent of plaintiff's past due award or, by the Commissioner's and plaintiff's calculation, $27,123.50. *Cf. Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) ("[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."). Plaintiff's counsel sought $21,123.50.

In its November 29 order, the Court concluded that the fee request was unreasonably high. That conclusion was based largely on having construed plaintiff's billing records as revealing that plaintiff's counsel and paralegal spent 24.5 hours "for work done before the court," *McGraw*, 450 F.3d at 498, thus resulting in a combined attorney and paralegal hourly rate of approximately $862 per hour. In the present motion, plaintiff points out that this conclusion incorrectly omitted time spent in 2010 and 2011 as being work not done before this Court. Including the time spent in 2010 and 2011, plaintiff's request for fees constitutes 52.75 hours of attorney time and 28.90 hours of paralegal time. In light of those hours spent, as well as counsel requesting

less than twenty-five percent of the agreed upon fee,[2] the motion being unopposed, and counsel's undertaking a risk of loss,[3] the Court concludes that reconsideration of its November 29 order is justified and that the original motion for attorney's fees should have been granted.  Therefore, it is

**ORDERED** that plaintiff's motion for reconsideration [Docket No. 35] is GRANTED.  Plaintiff's counsel is awarded attorney's fees in the amount of $21,123.50.  It is further

**ORDERED** that plaintiff's motion for decision [Docket No. 37] on his motion for reconsideration is denied as moot.

DATED June 13, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[2] Moreover, plaintiff's counsel does not seek an additional $13,750.00 in fees, which constitutes twenty-five percent of the past due benefits awarded to plaintiff's daughter. *See McGraw v. Barnhart*, 450 F.3d 493, 499 (10th Cir. 2006) (noting that the Supreme Court has "held that attorney fees were properly calculated based on past-due benefits received by the claimant's entire family, rather than claimant alone").

[3] *See Gisbrecht*, 535 U.S. at 808; *Mentzell v. Astrue*, 623 F. Supp. 2d 1337, 1340-41 (M.D. Fla. 2008) ("Counsel always are accepting some risk in taking social security cases under contingency fee contracts because, statistically, roughly fifty percent will lose at the district court level."); *see also Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009) ("The attorneys assumed significant risk in accepting these cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases.").